## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| LOUIS CARTER, | § |
|     PLAINTIFF, | § |
| | § |
| v. | § CIVIL ACTION NO. 4:12-CV-808-Y |
| | § |
| CAROLYN W. COLVIN, | § |
| ACTING COMMISSIONER OF SOCIAL | § |
| SECURITY, | § |
|     DEFENDANT. | § |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND
## NOTICE AND ORDER

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

## FINDINGS AND CONCLUSIONS

### I.   STATEMENT OF THE CASE

Plaintiff Louis Carter ("Carter") filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying his claims for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). In January 2009, Carter filed his application for benefits, alleging that his disability began on January 15, 2009. (Transcript ("Tr.") 21, 179-180, 193, 197.) His application was denied initially and on reconsideration, and Carter requested a hearing before an administrative law judge ("ALJ").

1

(Tr. 21, 115-119, 122-127.)  On June 9, 2010, the ALJ held a hearing.  (Tr. 21, 41-85.) Subsequently, the ALJ sent Carter for a consultative examination.  (Tr. 21, 285.)  Thereafter, on May 5, 2011, the ALJ held a supplemental hearing, and on July 13, 2011, the ALJ issued a decision that Carter was not disabled.  (Tr. 21-34, 86-112.)  Carter filed a written request for review, and the Appeals Council denied his request for review on October 24, 2012, leaving the ALJ's decision to stand as the final decision of the Commissioner.  (Tr. 1-5, 15-17.)

## II.   STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. § 404 *et seq.*, and numerous regulatory provisions.  *See* 20 C.F.R. Pt. 404.  The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity.  42 U.S.C. §§ 423(d), 1382c(a)(3)(A) (2011); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).  To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed.  20 C.F.R. § 404.1520.  First, the claimant must not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit.  20 C.F.R. § 404.1527.  Second, the claimant must have an impairment or combination of impairments that is severe.  20 C.F.R. § 404.1520(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000).

Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt.

2

P, App. 1.  20 C.F.R. § 404.1520(d).  Fourth, if disability cannot be found on the basis of the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work.  *Id.* § 404.1520(e).  And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity, age, education, and past work experience.  *Id.* § 404.1520(f); *Crowley v. Apfel,* 197 F.3d 194, 197-98 (5th Cir.1999).  At steps one through four, the burden of proof rests upon the claimant to show he is disabled.  *Crowley,* 197 F.3d at 198.  If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments.  *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole.  *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen,* 837 F.2d 1378, 1382 (5th Cir. 1988).  Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion.  *Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance.  *Id.*  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.  *Id.*  This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present.  *Harris v. Apfel,* 209 F.3d 413, 417 (5th Cir. 2000); *Hollis,* 837 F.2d at 1383.

### III.    ISSUE

In his brief, Carter presents the following issue for review: Whether the ALJ's failure to apply the "Worn-Out Worker Rule" is supported by substantial evidence.  (Plaintiff's Brief ("Pl.'s Br.") at 8-9.)

### IV.    ALJ DECISION

The ALJ, in his July 13, 2011 decision, found that Carter met the insured status requirements of the SSA through December 31, 2013, and that Carter had not engaged in any substantial gainful activity since January 15, 2009, the date of Carter's alleged onset of disability.  (Tr. 23-24.)   Next, the ALJ found that Carter suffered from the following severe combination of impairments: "degenerative changes to the right shoulder, status-post bilateral shoulder surgery, and rule out diagnoses of malingering and cognitive disorder."   (Tr. 24.) Proceeding to the third step, the ALJ held that none of Carter's impairments or combination of impairments met or medically equaled the severity of any impairment in the Listing.  (Tr. 24.) As to Carter's residual functional capacity ("RFC"), the ALJ stated:

> The claimant has retained the following residual functional capacity: lift and carry 50 pounds occasionally and 25 pounds frequently; sit, stand, and walk (individually or in combination) throughout an 8-hour workday; and otherwise perform the full range of medium work, except: he cannot climb ladders, ropes, or scaffolds or work overhead with his bilateral upper extremities; he can frequently reach bilaterally (but not overhead) and crawl; and he can only occasionally push and pull with his bilateral upper extremities.

(Tr. 25 (emphasis omitted).)  The ALJ opined, based on this RFC assessment, that Carter was unable to perform any of his past relevant work.  (Tr. 32.)  Thereafter, the ALJ, considering Carter's age, education, work experience, RFC, and the expert opinion of a vocational expert

4

("VE"), concluded that there were jobs that existed in significant numbers in the national economy that Carter could perform. Thus, the ALJ concluded that Carter was not disabled as defined in the SSA. (Tr. 32-33.)

## V.   DISCUSSION

In his brief, Carter argues that the ALJ's failure to apply the "Worn-Out Worker Rule" is not supported by substantial evidence. (Pl.'s Br. at 8-14.) Carter argues, in essence, that remand is appropriate because the ALJ did not make any findings pursuant to such rule even though there was evidence in the record indicating that such rule did apply. (*Id.*) On the other hand, the Commissioner asserts that the Worn-Out Worker Rule does not apply to Carter's claim for DIB because Carter did not provide sufficient evidence to establish that such rule applied to his claim. (Defendant's Brief ("Def.'s Br.") at 4-11.)

Section 404.1562 of Title 20 of the Code of Federal Regulations, which is known as the Worn-Out Worker Rule, states:

> (a) *If you have done only arduous unskilled physical labor.* If you have no more than a marginal education (see § 404.1564) and work experience of 35 years or more during which you did only arduous unskilled physical labor, and you are not working and are no longer able to do this kind of work because of a severe impairment(s) (*see* §§ 404.1520(c), 404.1521, and 404.1523), we will consider you unable to do lighter work, and therefore, disabled.

20 C.F.R. § 404.1562(a). In other words, according to section 404.1562(a), a claimant who (1) has a marginal education, (2) has at least thirty-five years of arduous unskilled physical labor work experience, (3) is not currently working, and (4) is no longer able to do their past work because of a severe impairment will be found at Step Five to be disabled. *Id.*

5

Generally, consideration of whether a claimant meets the criteria outlined in the Worn-Out Worker Rule occurs at Step Five of the sequential disability evaluation process, before the adjudicator considers the Medical-Vocational Guidelines ("GRIDS" or "grid rules"). 20 C.F.R. § 404.1520(g)(2); *see* Clarification of Rules Involving Residual Functional Capacity Assessments; Clarification of Use of Vocational Experts and Other Sources at Step 4 of the Sequential Evaluation Process; Incorporation of "Special Profile" Into Regulations ("Clarification"), 68 Fed. Reg. 51,153, 51,158 (Aug. 26, 2003); Social Security Ruling ("SSR") 82-63, 1982 WL 31390, at * 1 (S.S.A. 1982). "When the Commissioner decides at Step 5 that an applicant can perform available, alternative employment, that decision must be supported by substantial evidence." *Allsbury v. Barnhart*, 460 F. Supp. 2d 717, 721 (E.D. Tex. 2006). Typically, the Commissioner satisfies this burden in one of two ways. *Id.*; *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). The first way is that the Commissioner can receive testimony from a VE or consider similar vocational resource evidence. *Allsbury*, 460 F. Supp. 2d at 721. The second way is that the "Commissioner can take administrative notice of [the] availability of alternative work by consulting predetermined findings contained" in the GRIDS.[1] *Id.* However, if a claimant meets the criteria outlined in the Worn-Out Worker Rule, which is one of two special medical-vocational profiles set forth in 20 C.F.R. § 404.1562, then the claimant is considered not to have the ability to adjust to other work and the analysis ends with the claimant being found disabled. 20 C.F.R. § 404.1520(g)(2); *see* 20 C.F.R. § 1562; Clarification, 68 Fed.

---

[1] The grid rules consist of three tables (for sedentary, light, and medium work) which may be consulted once a claimant's RFC capacity is determined. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 201-03. The tables direct conclusions of disability or non-disability based upon a claimant's age, education, and previous work experience. *Id.*

Reg. 51,153, 51,158; SSR 82-63, 1982 WL 31390, at * 2 (S.S.A. 1982). If the claimant does not meet the criteria outlined in the Worn-Out Worker Rule, then the decision maker will consider the claimant's "residual functional capacity and [claimant's] age, education, and work experience to see if [claimant] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v).

In this case, the ALJ found at Step Four that Carter was unable to perform any of his past relevant work. (Tr. 32.) Thus, the ALJ properly proceeded to Step Five. Based on testimony from the VE at the hearing, the ALJ concluded, given Carter's age, work experience, education, and RFC, that there were jobs that existed in significant numbers in the national economy that Carter could perform. (Tr. 32.) It is undisputed that the ALJ did not consider whether Carter should have been found disabled pursuant to the Worn-Out Worker Rule. Thus, the issue is whether, based upon the evidence in the record, the ALJ had a duty to analyze Carter under such rule.

As stated above, to be considered disabled under the "Worn-Out Worker Rule," the evidence must show that Carter (1) has a marginal education, (2) has at least thirty-five years of arduous work experience, (3) is not currently working, and (4) is no longer able to do [his] past work because of a severe impairment. *See* 20 C.F.R. § 404.1562. In this case, the only issue of dispute appears to be whether there was evidence that Carter had thirty-five years of arduous unskilled physical labor work experience as the ALJ found that Carter was illiterate,[2] was not

---

[2] The SSA sets forth six categories to evaluate a claimant's educational level: (1) illiteracy, (2) marginal education, (3) limited education, (4) high school education and above,  and (5) inability to communicate in English. 20 C.F.R. § 404.1564(b)(1)-(5). Illiteracy is defined as "the inability to read or write." 20 C.F.R. § 404.1564(b)(1). Marginal education is generally considered "that formal schooling at a 6th grade level or less." 20 C.F.R. §

currently working, and was no longer able to do his past relevant work because of his severe impairments.[3]

For the Worn-Out Worker rule to be relevant there must be evidence in the record indicating that Carter had "work experience of 35 years or more during which [he] did only arduous unskilled physical labor. . . ." 20 C.F.R. § 404.1562(b)(1). "Arduous work is primarily physical work requiring a high level of strength or endurance." SSR 82-63, 1982 WL 31390, at *3. However, "in some instances semi-skilled or even skilled work will not preclude a finding of disability" under the Worn-Out Worker Rule. Peter J. Lemoine, *The Worn-Out Worker Rule Revisited*, 49 Soc. Sec. Rep. Serv. at 886 (footnote omitted).[4] "No specific physical action or exertional level denotes arduous work." SSR 82-63, 1982 WL 31390, at *3.

In this case, the evidence in the record indicates that Carter worked as a sandblaster for "Shope Welding And Son" from January 1989 until March 1990. (Tr. 203; *see* Tr. 27, 101.) After that, the evidence shows that Carter worked as a baler operator for Harris Packaging

---

404.1564(b)(2).

[3] The Defendant argues, *inter alia,* in his brief that the Worn-Out Worker Rule does not apply as Carter did not have a marginal education because he graduated from high school. (Def.'s Br. at 7.) However, the ALJ in this case specifically found that Carter was illiterate. (Tr. 32.) Illiteracy is an educational level that is one level below marginal. 20 C.F.R. § 404.1564(b). Because the ALJ actually found Carter had less than a marginal education, the Court will not consider Defendant's argument as to this issue. *See* Peter J. Lemoine, *The Worn-Out Worker Rule Revisited*, 49 Soc. Sec. rep. Serv. 883, 884 (1996) ("[C]laimants who are classified as illiterate under § 404.1564(b)(1) are deemed to have a 'marginal' education for purposes of determining benefit entitlement under § 404.1562.")

[4] The Court notes that Carter devotes several pages of his brief explaining why his previous work as a baler operator should be classified under the Dictionary of Occupational Titles ("DOT") as a "baler operator," which is heavy in exertion and unskilled, as opposed to a "utility worker" under the DOT, which is classified as heavy in exertion and semi-skilled. (Pl.'s Br. at 10-11; *see* Tr. 81, 110.) Because even semi-skilled work can, at times, be included under the Worn-Out Worker Rule, the Court concludes that such issue need not, at least at this time, be analyzed. Upon remand, the ALJ should analyze all elements of the Worn-Out Worker Rule.

Corporation, a box company, for almost nineteen years from March 1990 until January 15, 2009. (Tr. 203; *see* Tr. 184-92.)  Carter testified that as a baler operator he operated a baler, which is a machine that tears up paper into piles and puts the piles into bales, and that he lifted material weighing between thirty to forty pounds into the baler.[5]  (Tr. 25, 50-51.)  After the ALJ issued his decision and prior to the Appeals Council's review of the ALJ's decision, Carter submitted a Detailed Earnings Query, which set forth his employment earnings record from 1975 through 1991.  (Tr. 316-21.)  Although the Detailed Earnings Query did not describe the nature of the work that Carter actually performed, it indicated that he worked for a variety of businesses that could have involved the performance of arduous unskilled physical labor, including Brinkley Auction & Equipment Company, Martin K. Eby Construction Co. Inc., Carter Brothers Trucking, Central Forest Products Inc., Wade Fowler Lumber Co., William A. Smith Construction Co. Inc., Scotchcraft Building Materials, Inc., CSW Drywall Supply Company Inc., Lowes, Trailers Unlimited, Inc., Lennox Industries Inc., Red Rooster Lumbar Company Inc., Driver Pipeline Co. Inc., and Shotwell & Son Inc.  (Tr. 316-21.)  A review of these records further indicates that Carter earned $14,757.56 in 1991 and typically earned significantly less in all previous years.  (*Id.*)  There is also a document in the record that shows Carter began consistently earning money beginning in 1972 and continuing through 2008.  (Tr. 181-83.)

The Fifth Circuit imposes an affirmative duty on an ALJ "to develop the facts *fully* and fairly relating to an applicant's claim for disability benefits.  *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (emphasis added) (citing *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984));

---

[5] At the supplemental hearing, Carter testified that he typically lifted fifty to sixty pounds as a baler operator.  (Tr. 27, 96.)

*see Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000). When the ALJ fails in this duty, he does not have before him sufficient facts on which to make an informed decision and his decision is not supported by substantial evidence. *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984).

In this case, the evidence before the ALJ and the Appeals Council raises the possibility that Carter had been performing arduous unskilled physical labor since 1972, a period of over thirty-five years. Moreover, Carter, through his attorney, specifically raised the issue of the Worn-Out Worker Rule in a brief dated October 4, 2011 that was sent to the Appeals Council prior to its decision denying Carter's request for review. (Tr. 308-310.) Even with such evidence in the record, the ALJ failed to sufficiently develop the facts regarding Carter's work history. The ALJ should have obtained additional information about the nature of the work Carter performed at jobs prior to his employment as a baler operator. Such information would have established facts from which the ALJ could have determined if Carter's work met the "arduous" criteria of the Worn-Out Worker Rule.

Because the Commissioner failed to determine whether the Worn-Out Worker Rule applied, he did not fulfill his obligation to develop the facts fully. Such error is not harmless as consideration under the Worn-Out Worker Rule could result in a finding that Carter was disabled pursuant to such rule. *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). Because the ALJ erred in failing to fully develop the record, remand is required. *See Vasquez v. Heckler*, 736 F.2d 1053, 1054 (5th Cir. 1984) (remanding case because substantial evidence did not support Secretary's failure to make a finding regarding the applicability of the Worn-Out Worker rule set

forth in 20 C.F.R. § 404.1562 when there was evidence that claimant fit under such rule and claimant had raised the issue at the hearing before the ALJ); *Portillo v. Astrue*, No. CV 09-653-RNB, 2010 WL 148612, at *2 (C.D. Cal. Jan. 11, 2010)

## RECOMMENDATION

It is recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings consistent with these proposed findings and conclusions.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **January 17, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 3, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE